# United States Court of Appeals
# for the Fifth Circuit

---

No. 23-50554
CONSOLIDATED WITH
No. 23-50555

---

United States Court of Appeals
Fifth Circuit

**FILED**

March 27, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Darlin Antonio Munoz-Perdomo,

*Defendant—Appellant*.

---

Appeals from the United States District Court
for the Western District of Texas
USDC Nos. 4:23-CR-80-1, 4:19-CR-205-1

---

Before Davis, Willett, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Darlin Antonio Munoz-Perdomo appeals his conviction and 46-month sentence for illegal reentry after removal in violation of 8 U.S.C. § 1326(a) and (b)(1), as well as the revocation of the term of supervised release he was serving at the time of the offense. He argues that § 1326(b) is unconstitutional because it allows a sentence above the otherwise applicable

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-50554
c/w No. 23-50555

statutory maximum established by § 1326(a) based on facts that are neither alleged in the indictment nor found by a jury beyond a reasonable doubt. Because Munoz-Perdomo does not address the revocation or the revocation sentence, he has abandoned any challenge to them. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

With respect to his new illegal-reentry conviction, Munoz-Perdomo has filed an unopposed motion for summary disposition and a letter brief correctly conceding that the only issue he raises is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019). He explains that he has raised the issue to preserve it for possible further review. Accordingly, because summary disposition is appropriate, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), Munoz-Perdomo's motion is GRANTED, and the district court's judgments are AFFIRMED.